# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **NAFEESA H NAYLOR** | **CASE NO.  3:24-CV-00101** |
| **VERSUS** | **JUDGE EDWARDS** |
| **TOWN OF RAYVILLE ET AL** | **MAG. JUDGE MCCLUSKY** |

## MEMORANDUM RULING

Before the Court is a Motion to Set Aside Entry of Default and to Dismiss filed by Popeyes Louisiana Kitchen, Inc. ("Popeyes").[1] The plaintiff Nafeesa Taylor ("Plaintiff" or "Taylor") who is *pro se,* opposes the motion.[2] For the reasons set forth herein, the motion is GRANTED IN PART and DENIED IN PART.

**I.    FACTS**

On the afternoon of January 24, 2023, Plaintiff was visiting the Popeyes Louisiana Kitchen restaurant on McGowan Lane in Rayville, Louisiana.[3] While she was inside the restaurant, a marked police vehicle pulled up and began flashing its lights. Taylor claims that officers then struck her with blunt instruments without cause, kicked her in the groin, struck her in the back of the neck, choked her, and struck her arms, legs and stomach before tossing her into the back of the police

---

[1] Doc. 27.
[2] Doc. 29.
[3] Doc. 1. For the purposes of this motion, the Court will accept all well pleaded facts as true and construe all allegations in the light most favorable to the Plaintiff.

vehicle.[4] Plaintiff was taken to the Richland Parish Detention Center, where she lost consciousness.

## II. PROCEDURAL POSTURE

On January 24, 2024, Plaintiff brought this suit against several defendants, including Popeyes, asserting federal and state law claims including excessive force, reckless indifference to serious medical needs, "monetary claims," and battery.[5] Plaintiff filed proof of service reflecting that Popeyes had been served personally by hand-delivery to Demetria Combs-Lawson at the restaurant where the incident occurred.[6]

On July 17, 2024, the Clerk of Court entered a Notice of Intent to Dismiss Plaintiff's suit against Popeyes under Local Rule 41.3 because Popeyes had not filed a responsive pleading, and no default had been entered against them.[7] Plaintiff then requested a default be entered, which was done by the Clerk of Court on September 20, 2024.[8] The instant motion followed in which Popeyes seeks an order setting aside the Clerk's Entry of Default and dismissal of Plaintiff's Complaint.[9]

---

[4] Plaintiff does not allege what occurred between the vehicle activating its lights and her physical interaction with the officers.
[5] Doc. 1. Plaintiff also sued Timothy Colvin, Jeffrey Fields, Deputy Randy Jack, the Rayville Police Department, and the "Rayville Sheriff Department."
[6] Doc. 7 at 6.
[7] Doc. 17. LR 41.3 provides in pertinent part, "A civil action may be dismissed by the clerk of court … B. [w]here no responsive pleadings have been filed or default has been entered within 60 days after service of process … ."
[8] Docs. 25 and 26. The entry of default by the Clerk is a prerequisite to the entry of a default judgment. LR 55.1.
[9] Doc. 27.

### III. LAW AND ANALYSIS

#### A. Service of Process

Popeyes' challenge to the entry of default is based on lack of proper service. Popeyes, a Minnesota corporation, contends that Plaintiff was required to serve its registered agent for service of process in Louisiana, CT Corporation System, in Baton Rouge.[10] Thus, Plaintiff's attempt to serve Popeyes through one of its employees was ineffective. Without proper service, the court lacks personal jurisdiction over Popeyes and any orders against it should be set aside.[11] In response, Taylor asserts that Popeyes was properly served through its manager of the restaurant in Rayville, Demetria Combs Lawson.[12] She also asserts that she sent a certified letter to Popeyes that was received by Barbara Brown, the general manager of the restaurant.[13]

Popeyes cites Federal Rules of Civil Procedure 4(e) and (m), 12(b)(2), (5), and 55(c) in support of its motion. Fed. R. Civ. P. 4(e) provides that service may be made in accordance with state law.[14] Louisiana state law provides that service on a corporation is made through its agent for service of process. La. Code Civ. P. art. 1261(A); La. R.S. 12:1-504(A). Fed. R. Civ. P. 4(m) allows for the dismissal of a Complaint when the defendant has not been served. Rules 12(b)(2) and (5) are the procedural vehicles by which to assert the defenses of lack of proper service and

---

[10] Doc. 27-1 at 3.
[11] Doc. 27-1 at 3.
[12] Doc. Taylor also alleges that Demetria Combs Lawson was present at the time of the incident giving rise to this suit.
[13] Doc. 34-1 at 6.
[14] There are exceptions none which have been asserted by Plaintiff.

personal jurisdiction. Lastly, Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause … ."

The Court finds that Plaintiff's service of her Complaint on Popeyes through its manager, or general manager, at the restaurant in Rayville was ineffective. The plain language of the federal rules and Louisiana law do not allow for service on a corporation through one of its employees. Plaintiff was required to serve Popeyes through its registered agent, CT Corporation System. The lack of proper service is sufficient good cause to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c). See *Espinoza v. Humphries*, 44 F. 4th 275, 276 (5th Cir. 2022). It will be so ordered.

Having set aside the default, the question before the Court is how to remedy the defective service. Rule 4(m) provides that the Court must extend the time to effect service if good cause if shown. Plaintiff makes no showing of good cause here, "[h]owever, even if good cause is not shown, a district court has the discretion to extend the time allowed for service." *Williams v. Zordan,* 2023 WL 6451111, *6 (WD. La. 2023). Popeyes urges the Court to decline to allow the Plaintiff to effect proper service because the Plaintiff has failed to state a claim, therefore valid service would be futile. Instead, Popeyes moves to dismiss the Complaint under Rule 12(b)(6).

B.  **Dismissal of the Complaint**

Battery is the only claim clearly asserted against Popeyes in the Plaintiff's Complaint.[15] Popeyes argues that this claim fails because "a corporation itself cannot

---

[15] Doc. 1 at 5. It appears Plaintiff may also have asserted a claim for "gross negligence, or willful and wanton misconduct" against Popeyes, although this claim seems based on a "battery committed by employee of Popeyes Louisiana Kitchen." Doc. 1 at 7.

commit a battery."[16] Popeyes also asserts that if the Complaint were construed to also include a claim of vicarious liability, it fails because it does not include factual allegations to show that the employee's conduct was "so closely connected in time, place, and causations to his employment-related duties as to be regarded as a risk of harm fairly attributable to the employer's business, rather than conduct instituted by purely personal considerations entirely extraneous to the employer's interests."[17]

In response to Popeyes' motion to dismiss, Taylor, for the first time, includes factual allegations against Popeyes. The Court gleans the following to be her allegations included in her "Opposition to Defendant Popeyes Louisiana Kitchen's Motion to Set Aside Entry of Default and to Dismiss," and her "Supplemental Memorandum."[18]

On January 24, 2023, Taylor arrived at the drive-thru of the Popeyes restaurant.[19] An employee of Popeyes, Natasha Robinson ("Robinson"), was working as a cashier in the drive-thru.[20] Robinson took Taylor's order for a "five-piece manager special chicken meal, with a large fry."[21] Robinson had "a very bad attitude and was being very rude."[22] Robinson handed Taylor her meal and then threw an unknown liquid in Taylor's face.[23] The liquid caused a burning sensation to Taylor's eyes and

---

[16] Doc. 27-1 at 4.
[17] Doc. 27-1 at 5, fn 2 citing *Brasseaux v. Town of Mamou,* 752 So.2d 815, 820 (La. 2000).
[18] Docs. 29 and 39.
[19] Doc. 29 at 5.
[20] Doc. 29 at 5.
[21] Doc. 29 at 5.
[22] Doc. 29 at 5.
[23] Doc. 29 at 5.

skin.[24] She also developed a rash "over her body."[25] Plaintiff alleges that Robinson was acting in the course and scope of her employment at the time of the incident.[26] Specifically, Popeyes hired, trained, supervised, and retained Robinson.[27] Popeyes breached its duty of care by failing to keep its premises safe and by failing to "take reasonable measures to prevent the battery to Plaintiff."[28] Plaintiff also alleges that Popeyes is liable under the legal theories of "respondeat superior, agency, or, apparent authority."[29]

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The complaint must be liberally construed in favor of the plaintiff, and all facts plead in the complaint must be taken as true. *Id.* The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Important here, when a complaint is challenged under Rule 12(b)(6), the plaintiff cannot amend her allegations in opposition briefs. *Skinner v. Gautreaux*, 549 F.Supp.3d 493, 499 (M.D. La. 2021).

Plaintiff's Complaint fails to plead sufficient facts to plausibly state a claim against Popeyes because it simply does not include any factual allegations against Popeyes or its employees. Taylor's factual allegations are only included in her

---

[24] Doc. 29 at 5.
[25] Doc. 29 at 5.
[26] Doc. 29 at 3.
[27] Doc. 29 at 5-7.
[28] Doc. 29 at 6.
[29] Doc. 29 at 7.

opposition briefs to Popeyes' motion. Understandably, Popeyes has not addressed whether the facts included in Plaintiff's opposition are sufficient to state a claim.

The Court notes that Fed. R. Civ. P. 15(a)(1)(B) gives a party the automatic right to amend a complaint within 21 days after service of a Rule 12(b)(6) motion. Plaintiff, who is *pro se*, did not seek leave to amend her Complaint. However, Fed. R. Civ. P. 15(a)(2) provides that the Court should "freely give" leave to amend "when justice so requires." Granting leave to amend is within the sound discretion of the trial court and the Fifth Circuit has recognized that the language of Rule 15 "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005 (quoting *Lyn-Lea Travel Corp. v. Am. Airlines,* 283 F.3d 282, 286 (5th Cir. 2002)).

Given the facts alleged by Plaintiff to support her claim against Popeyes, and without a response from Popeyes to these allegations, the Court declines to determine at this juncture that Plaintiff cannot state a cognizable claim in an amended complaint. Instead, the Court will grant Plaintiff leave to amend her Complaint to incorporate the factual allegations against Popeyes and a brief extension to effect proper service. Popeyes is free to renew its Rule 12(b)(6) motion in response to Plaintiff's amended complaint.

IV.   **CONCLUSION**

For the reasons set forth herein,

**IT IS HEREBY ORDERED,** the Motion to Set Aside Entry of Default and to Dismiss filed by Popeyes Louisiana Kitchen, Inc. (Doc. 29) is **GRANTED IN PART and DENIED IN PART.** The Clerk's Entry of Default will be **SET ASIDE.**

**IT IS FURTHER ORDERED** and Plaintiff will be granted fourteen (14) days from the date of this Order to amend her Complaint to include all factual allegations against Popeyes Louisiana Kitchen, Inc.

**IT IS FURTHER ORDERED** that Plaintiff must properly serve Popeyes Louisiana Kitchen, Inc. within fourteen (14) days of filing her amended complaint.

**THUS DONE AND SIGNED** in Chambers, this 10th day of February, 2025.

_____
**JUDGE JERRY EDWARDS, JR.
UNITED STATES DISTRICT COURT**