UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| NAFEESA H NAYLOR | CIVIL ACTION NO. 24-101 |
| VERSUS | JUDGE EDWARDS |
| TOWN OF RAYVILLE ET AL | MAG. JUDGE MCCLUSKY |

WRITTEN REASONS

A hearing was held in the above matter on November 14, 2025, to decide a Motion for Summary Judgment (ECF No. 75) and a Motion to Dismiss (ECF No. 100). The Court orally granted both motions at the hearing. *See* ECF No. 124 (minutes). These written reasons follow.

**1. Motion for Summary Judgment (ECF No. 75)**

Popeyes Louisiana Kitchen, Inc. ("PLKI") moved for summary judgment, asserting that it is not a proper defendant in this suit. PLKI contends that, as franchisor, it cannot be answerable for the injuries Naylor allegedly sustained at the Rayville Popeyes, which is owned and operated by franchisee, A&M Operating Co., Inc. ("A&M"). This is correct. Broadly, franchisors are not liable for the alleged acts of a franchisee's employees, *see Pinero v. Jackson Hewitt Tax Serv. Inc.,* 638 F. Supp. 2d 632 (E.D. La. 2009), nor are they liable for the franchisee's premises, *see Monk v. Choice Hotels Int'l Servs., Corp.,* No. CV 15-1699, 2016 WL 4250455, at *3–5 (W.D. La. Aug. 10, 2016). Naylor never controverts or responds to this issue in her four briefs on the subject, except to simply state that Popeyes is the old name and A&M is the new name (or the name of the "new owners"). *See* ECF No. 86 at 1–3; ECF No. 101 at 5–6, 10–12; ECF No. 103; ECF No. 113 at 2–5. She fails to dispute the

1

declaration of Steven Beiley, an attorney for PLKI, which attests to the franchisor-franchisee relationship and that A&M exercises exclusive control over the Rayville Popeyes. *See* ECF No. 75-3 at 2–3. Unable to dispute facts fatal to her claims against PKLI, those claims must be dismissed. *See* Fed. R. Civ. P. 56 (e)(3).

### 2. Motion to Dismiss (ECF No. 100)

The government defendants moved to dismiss for failure to prosecute and/or as a discovery sanction. The government defendants contend that Naylor has failed to participate in this litigation, particularly in the discovery process. We agree. Most egregiously, Naylor has failed to appear for a deposition despite being ordered to do so and has also failed to comply with other court orders. In her explanation, *see* ECF No. 93, Plaintiff makes clear that she has no interest in sitting for a deposition, intimating that the deposition may be part of a scheme, involving the "presiding judge," to abduct her.

Federal Rule of Civil Procedure 37(d) provides that the Court may order sanctions where a party "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions may include dismissing the action. *See* Fed. R. Civ. P. 37(b)(2)(A)(v); *see Roy v. ADM Grow Mark*, 211 F.3d 593, 2000 WL 329273, at *3 (5th Cir. 2000) ("Under Rule 37(d), a party refusing to attend his own deposition can be sanctioned under Rule 37(b). Among the sanctions available to a district court under Rule 37(b) is dismissal of the action with prejudice."). "Deliberate, repeated refusals to comply with discovery orders have been held to justify the use of this ultimate sanction." *Bonaventure v. Butler*, 593 F.2d 625,

2

626 (5th Cir. 1979) (affirming dismissal when the plaintiff refused to appear for a deposition three times).

The Fifth Circuit has also explained that "[a] district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court," and "possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing Fed. R. Civ. P. 41(b) and *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

Naylor's excuses cannot save her case—outright refusing to sit for a deposition in a case that she brought is a nonstarter. *Pegues v. PGW Auto Glass, L.L.C.,* 451 F. App'x 417, 418 (5th Cir. 2011) ("Pegues's fear of being assassinated by the defendants was at best unreasonable and at worst disingenuous, but in any event, shows that his refusal to be deposed was deliberate and contumacious."). "[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead, it is 'the stubborn resistance to authority' which justifies a dismissal with prejudice." *McNeal v. Papasan,* 842 F.2d 787, 792 (5th Cir. 1988). Naylor's insistence on prosecuting this case on her terms or not at all, willfully violating court orders on her whim, *see* ECF No. 100 at 1–4 (compiling examples), is contumaciousness manifest, and makes her case ripe for dismissal. Worse, this has become a pattern for Naylor. In her most recent case taken up by the Fifth Circuit, *Naylor v. Walmart, Inc.,* No. 23-30042, 2023 WL 5938173 (5th Cir. Sept. 12, 2023), she similarly failed to participate in discovery, failed to comply with court orders, and had her claims properly dismissed for such conduct. This is abusive—and she should do well to stop. *See Jackson v. Carpenter,*

3

921 F.2d 68, 69 (5th Cir. 1991) (cautioning a *pro se* litigant that the continued abuse of the legal system "will trigger increasingly severe sanctions, including the ultimate denial of access to the judicial system absent specific prior court approval").

Last, Naylor failed to attend the instant hearing, *see* ECF No. 124, as she has done before, *see Naylor,* 2023 WL 5938173, at *1. Her failure to attend, coupled with her now familiar, fantastical rationale(s) in not attending, *compare* ECF Nos. 122 & 123 *with* ECF No. 93 (discussing assassination and abduction theories), further illustrate her general unwillingness to participate in this litigation in good faith. *See Robinson v. Home Depot USA Inc.,* 478 F. App'x 820, 824 (5th Cir. 2012) (finding dismissal with prejudice appropriate where the *pro se* plaintiff "intentionally failed to attend court-ordered hearings, gave either disingenuous or irrational excuses for his absences, exhibited a disregard for the authority of the court, and displayed a clear intention never to appear in Houston, despite what the court might order."). For all the reasons above, her case must be dismissed.

**THUS DONE AND SIGNED** this 17th day of November, 2025.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**